## THE PEOPLE *v.* RIVERA.

### APPEAL from the District Court of Ponce.

. No. 94.—Decided October 11, 1907.

APPEAL—JUDGMENT AND CRIMINAL CASES.—The judgments rendered by District Courts on appeal from Municipal Courts, must not affirm the judgment rendered by the inferior court, but the case must be tried *de novo* and judgment must be rendered on the result of the evidence therein taken.

The facts are stated in the opinion.
*Mr. Rossy, fiscal,* for respondent.
The appellant did not appear.
MR. JUSTICE MACLEARY delivered the opinion of the court.

The defendant in this case was prosecuted in the Municipal Court of Coamo and Juana Díaz, by complaint for petit larceny—that is to say, for stealing six or seven quarts of coffee—and on appeal to the District Court of Ponce was sentenced to three months' imprisonment in jail. In this court the appellant was not represented and made no appearance on the day of the hearing. The proof was not certified to us either by bill of exceptions or statement of facts, and we find nothing in the record which would justify us in entirely reversing the case, and the judgment appealed from should therefore be affirmed.

District courts are not, properly speaking, courts of appeal, inasmuch as the law does not require them to review cases coming to them from inferior courts and to revise the

judgments therein rendered; but they must try such cases over again without reference to the action of inferior courts.

As the trial in the district court was necessarily an entirely new proceeding the judgment of that court should not have been in the form of an affirmance of the judgment of the inferior court, and the judgment of this court should therefore merely affirm the imposition of the penalty of imprisonment and the payment of costs.

A similar case to this against this same party was decided by this court last Friday, and the decision then rendered is followed here. The judgment of affirmance should be worded accordingly.

*Affirmed.*

Justices Quiñones, Hernández, Figueras and Wolf concurred.

### CONCURRING OPINION OF MR. JUSTICE WOLF.

During the progress of the trial in the court below is was proposed to introduce in evidence the oral testimony of a child nine years old. It certainly would have been erroneous for the court to permit this child to testify without first examining him to find out whether he was qualified. However, in the record there is nothing to show that the child ever gave his testimony. There is nothing to show that such testimony, if given, was calculated to injure the rights of the accused, the essential condition for reversal prescribed by the law of May 30, 1904 (p. 11, Laws Special Session, 1904).

For all that the record shows the prosecution may have withdrawn the witness, or the matters that he testified to might have been utterly harmless or it might have been shown that the boy, although under 10 years of age, was as fully qualified to answer as an average adult. In any of these events the mistaken action of the court would have been harmless.

The Supreme Court of the United States in the case of *Cummingham* v. *Springer,* 204 U. S., p. 653, a civil case has shown that it will disregard error that is not perjudicial. *People* v.·*Brown,* 130 Cal., 592, a case of homicide, was a case where a complaint was made in the appellate court that the court below committed error in modifying a certain instruction with regard to dying declarations. But as no dying declarations were introduced it was considered that the trial court committed no error. In the same case it was considered harmless error to ask a witness certain questions which were intended to qualify him to testify with respect to a dying declaration when the dying declaration was not, in fact introduced into evidence.

Similarly, the nature of the evidence that Dr. Casaldúc gave with respect to the defendant was not put into the record.

However, any evidence which reflected on the character of the defendant would, in a murder case, be calculated to injure the rights of the defendant, and because of such error I concur in the judgment of the court.